PER CURIAM.
Appellant claims that the trial court erred in sentencing him as a violent career criminal based on the alleged unconstitutionality of Chapter 95-182, Laws of Florida, a portion of which created the new class of recidivist offenders, violent career criminals. Since there is no indication that the trial court sentenced appellant as a violent career erimi- *888 nal, instead giving him a habitual violent felony offender sentence, we affirm.
At the sentencing hearing, the state urged that it had satisfied its burden to get the enhanced sentencing by proving the existence of one of the statutorily-enumerated prior serious felonies, which is all that the habitual violent felony offender statute requires. See § 774.084(l)(b), Fla. Stat. (1997). By contrast, if the state seeks to achieve sentencing under the violent career criminal statute, it bears a much higher burden and must prove three or more convictions for the enumerated crimes. See § 774.084(l)(c). Since appellant was not sentenced as a violent career criminal, he cannot challenge his sentence based on the alleged unconstitutionality of Chapter 95-182.
Affirmed.
WARNER and TAYLOR, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.